```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/16/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENJAMIN ASHMORE,

                Plaintiff,

v.

CGI GROUP INC. and CGI FEDERAL INC.,

                Defendants.

---

11 Civ. 8611 (JMF)

### STIPULATION AND LIMITED PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

**WHEREAS**, the Plaintiff and Defendants in the above-captioned action may seek discovery or documents, information, or other materials that may contain non-public, confidential, competitively-sensitive, or proprietary information of another party or of a third party;

**WHEREAS**, Plaintiff and Defendants wish to ensure that confidential information shall be used only for the purposes of this action and shall not be disclosed or used in any other way;

**WHEREAS**, the Parties have stipulated and agreed to the terms of, and jointly moved this Court for entry of, the following Limited Protective Order, and the Court having found that, in light of the nature of the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order,

**IT IS ORDERED** that this Limited Protective Order Governing Discovery ("Order")

shall be entered and govern the disclosure and use of certain discovered information in the above-captioned action (the "Litigation") as hereinafter provided:

1. **Scope**

   a. This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, discovery response or otherwise ("Discovery Material"), by any party in this Litigation (the "Producing Party") to any other party (the "Receiving Party") when the same is designated using the procedures set forth herein. This Order is binding upon the parties to the Litigation, as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

   b. Any Producing Party shall have the right to identify and designate as "Confidential" any document, category of documents, or other material it produces or provides, or any testimony it gives in this proceeding, which it believes in good faith constitutes, reflects or discloses its non-public confidential and proprietary information, including without limitation: (i) trade secrets under applicable law; (ii) commercial information (such as business plans, business strategies, market plans, market and/or demographic research, market penetration, market share, advertising, negotiations, and license agreements); (iii) financial information (such as budgeting, accounting, sales figures and advertising expenditures); (iv) business relationship information (such as information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries and parents); (v) information relating to Plaintiff's subsequent employment, job search and earnings; and (vi) any other information that

296847.1 4/12/2013

the parties subsequently jointly agree in writing shall be confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (hereinafter, all the foregoing shall be referred to as "Confidential Information").

    c.    Any party to this Litigation may designate as Confidential documents or information produced by a third party if the Designating Party or the third party agreed to treat that Discovery Material as confidential, in which case the designating party shall be deemed a Producing Party for purposes of this Order.

    d.    The Parties recognize that certain Requests for Production and/or Interrogatories may call for the production of Confidential Documents. Accordingly, in order to expedite the exchange of documents, the Parties have agreed that a "Confidential" Prefix / Designation shall be placed on those specific documents that may contain Confidential Information. The Parties further agree that such initial designation may be over-inclusive in order to expedite the exchange of information. The Parties reserve their rights to make supplemental Confidential Designation should the need arise.

2. **Designation of Confidentiality**

Documents or information may be designated "Confidential" in the following ways:

    a.    A Producing Party shall, if appropriate, designate specific documents as: (i) "Confidential" by marking the first page and each subsequent page of the document containing all Confidential Information with the legend "CONFIDENTIAL." To the extent practical, all documents produced or disclosed during discovery in this Litigation shall be identified by Bates number and the appropriate designation shall be

placed near the Bates number. To the extent electronic documents are to be produced in "native" form, as requested by Plaintiff, making Bates numbering difficult, the Producing Party will attempt to identify each natively produced document with a specific document number and/or document identification number.

    b. A Producing Party shall designate interrogatory answers and responses to requests for admissions as "Confidential Information" by stating or specifying that the answers or responses or specific parts of them are "Confidential", and by placing the following legend on each page of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION."

    c. In the case of depositions and the information contained in depositions (including exhibits), counsel for a Producing Party or witness shall designate portions of the transcript (including exhibits) that contain Confidential Information as "Confidential" by making a statement to such effect on the record in the course of the deposition or by letter within 14 business days of receipt of the official deposition transcript or copy thereof. The entire deposition transcript (including exhibits) shall be treated as "Confidential" under this Order until the expiration of the 14 day period for designation. The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential: "CONTAINS CONFIDENTIAL INFORMATION". If all or part of a videotaped deposition is designated as "CONFIDENTIAL", the video container shall be labeled with the legend provided for in paragraph 2(a) above.

    d. To the extent that information is produced in a form rendering it

impractical to label (including electronically stored information produced on electronic or magnetic media) ("Computerized Material"), the Producing Party may designate such material as "CONFIDENTIAL" by either giving the documents a document identification number setting forth their "Confidential" status or by cover letter listing the electronic files that are being designated referring generally to such matter. Whenever a Receiving Party reduces electronically stored information designated as "Confidential" to hard-copy form, the Receiving Party shall take reasonable steps to ensure that the "Confidential" status of such documents is readily identified. Whenever any Confidential Computerized Material is going to be used as an exhibit either at a deposition or in a motion, or such Confidential information is shared with an expert, the Receiving Party shall ensure that a "Confidential" stamp and/or marking is placed on those documents.

    e. To the extent that any Receiving Party or counsel for the Receiving Party creates, develops, or otherwise establishes or maintains for review on any electronic system information designated "Confidential," that party and/or its counsel shall take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information, and shall ensure that the Producing Party's "Confidential" designation is readily apparent to the Receiving Party.

    f. The Producing Party may withdraw or modify any designation by notifying counsel for the Receiving Party in writing by fax or electronic delivery, specifying the withdrawal or modification. If notifcation of the original designation was given to the Court or the Clerk of the Court as provided in this Order, a copy of the written withdrawal or modification shall be provided to the Court and/or the Clerk of the

296847.1 4/12/2013

Court, as applicable.

### 3. Filing of Confidential Information

To the extent documents and materials containing Confidential Information are to be filed with the Court, the following procedures shall apply:

    a.    To the extent any party intends to file Confidential information with the Court, prior to the filing of such material the Parties will engage in a good-faith discussion as to whether the designated Confidential Information can be filed "as is," thus resulting in the Producing Party's withdrawal of the Confidential designation. If an agreement cannot be reached, the Parties will adhere to District Judge Furman's Individual Rule 4(a) as well as the Southern District of New York's procedure.

    b.    Within three (3) business days of filing Confidential Information, pursuant to paragraph 3(a), the filing party shall electronically file with the Court, for its public file, a copy of the filed materials with the Confidential Information in redacted form.

### 4. Use of Confidential Information

    a.    Confidential Information shall not be used by the Receiving Party, for any purpose other than conducting the prosecution or defense of this Litigation, and in no event shall Confidential Information be used by the Receiving Party for any business, competitive, personal, private, public, organizational or other purpose.

    b.    Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents or its own Confidential Information for any purpose.

5. **Disclosure of Confidential Information**

Access to information designated as "CONFIDENTIAL" pursuant to this Order shall be limited to:

 a. The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel), recording, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal in this Litigation;

 b. Special masters and mediators or other individuals engaged or consulted in settlement of the Litigation;

 c. The Plaintiff and outside counsel of record for the parties in this Litigation (including members or associates of such counsel's firm) and in-house counsel for the parties as well as counsel's paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation;

 d. Outside photocopying, data processing, or graphic production services employed by the parties or their counsel of record to assist in this Litigation;

 e. Any individual expert or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for that individual expert or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that: (i) such disclosure shall be made only to an individual expert, or to such members, partners, employees or agents of an expert consulting firm as such expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the

individual expert or Designated Expert Personnel shall use the information solely in connection with this Litigation; (iii) the individual and/or a representative of each expert consulting firm shall sign the written assurance attached on Exhibit A on behalf of any Designated Expert Personnel associated with that firm; and (iv) excluding any retention for this Litigation, the individual expert and each of the Designated Expert Personnel is not a current or former (within the past three (3) months from the date of this Order) employee of any party or any entity which directly or through a parent, subsidiary, principal, agent, or affiliate competes with any party;

        f.    Any person who: (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person; (ii) is currently employed by the Producing Party and is assisting counsel in the prosecution or defense of this Litigation, but in such event only to the extent disclosure is necessary to facilitate such assistance; (iii) was formerly employed by the Producing Party and is assisting counsel in the prosecution or defense of this Litigation but in such event only to the extent disclosure is necessary to facilitate such assistance; or (iv) is referred to in the material, but only as to the specific material in which such person is referenced, discussed, or mentioned; and

        g.    Any other person to whom the Producing Party agrees in writing or on the record in court or at a deposition in advance of the disclosure or whom the Court directs may have access.

    6.    **Notification of Protective Order**

        a.    Confidential Information shall not be disclosed, described or otherwise made available to an individual expert or expert consulting firm described in

Paragraph 5(e), unless that expert or firm has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. The original of each such Agreement shall be maintained by counsel for the party who obtained it until the final resolution of this Litigation and, in the case of a testifying expert, shall be produced to the other party at the time the party produces its expert reports and responds to expert discovery.

  b. Confidential Information shall not be disclosed to persons who are non-parties pursuant to Paragraph 5 unless: (i) such persons are first provided with a copy of this Order; and (ii) disclosing counsel first advises them that they are bound by the provisions of this Order.

  7. **Use of Confidential Information in Court**

  a. If any Receiving Party plans to utilize any Confidential Information at a court proceeding, the Receiving Party shall use reasonable efforts to inform the Producing Party of its intent to use such information at least twenty-four (24) hours in advance of the proceeding. If no such advance notice is given, the Receiving Party shall provide the Producing Party with an opportunity to approach the Court in confidence, whether in chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential Information before reference is made to any such Confidential Information on the record.

  b. In the event that any information designated as "Confidential" is used in any Court proceeding in this Litigation, including any appeal, it shall not lose its status as Confidential through that use.

  c. The rules governing the use of Confidential Information at trial shall

be determined at a future date.

### 8. **Objections to Designations**

A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such designation. In the event a party objects to the designation of any material under this Order, the objecting party shall state its objections in a letter to counsel for the designating party in this Litigation, whereupon, the interested parties shall meet and confer in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of that letter, the party seeking the Confidential designation must ask the Court, in accordance with the Court's Local Rules of Practice related to Discovery Disputes, for an Order pertaining to the Confidential designation with respect to the challenged discovery materials. If such a request is made, the Producing Party has the burden of establishing that the designation is proper. If no such request is made, the material will retain its designation. If the Producing Party agrees to change the designation, the Producing Party shall send a written notice of the change in designation to all other parties. If notifcation of the original designation was given to the Court or the Clerk of the Court as provided in this Order, a copy of the written notice of the change in designation shall be provided to the Court and/or the Clerk of the Court, as applicable. Any documents or other materials that have been designated "Confidential" shall be treated in the manner designated until such time as the Court rules that they should not be treated as Confidential, or the Producing Party agrees to change the designation.

9. **Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information as attorney work product or based on a legally cognizable privilege, or of any right that any party may have to assert such privilege at any stage of this Litigation.

10. **Return or Destruction of Materials**

Within sixty (60) business days after the final resolution of this Litigation, a Receiving Party shall return all Confidential Information to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has been destroyed. Counsel shall be entitled to retain pleadings and exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court for archival purposes, even if they contain Confidential Information, so long as they are clearly marked to reflect that they contain information subject to this Order and so long as the Confidential Information is treated as provided in this Order.

11. **Correction of Designation and Clawback**

a. A Producing Party that fails to designate Discovery Material as "Confidential" at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing. Upon receipt of a notice of correction, the Receiving Party shall place the appropriate marking on the document, or to their document database, to reflect its altered confidentiality status and

certify that it has used its best efforts to ensure that the original and all copies of the document have been appropriately marked. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

    b. If Confidential Information is disclosed by a Receiving Party to anyone other than in a manner authorized by this Order, the Receiving Party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the Producing Party of the Confidential Information and make every reasonable effort to retrieve that Confidential Information and to prevent further disclosure.

  12. **Limitation on Scope of this Order**

The restrictions in this Order shall not apply to documents or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents or that are already in the possession of the Receiving Party prior to being produced.

  13. **No Admission**

A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not: (a) confidential; (b) privileged; or (c) admissible in evidence at trial.

### 14. Duty to Notify of Receipt of Subpoena

If any Receiving Party receives a subpoena or a discovery request for documents subject to this Order, such Receiving Party shall inform the issuer of the subpoena or discovery request of this Order, provide the subpoena's issuer with the copy of the Order, and give the Producing Party notice of the subpoena within three (3) business days after its receipt and before it produces any documents in response to the subpoena or discovery request, so that the Producing Party has an opportunity to object prior to the production of any responsive material.

### 15. Application of this Order to Non-Parties

This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this Litigation, if said non-party requests in writing to counsel of record for plaintiff and defendant the protection of this Order as to its Confidential Information and complies with the provisions of this Order.

### 16. Continuing Force of this Order

Upon final resolution of this Litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final resolution of this Litigation.

### 17. Confidential Designations Prior to the Entry of this Order

Until this Order is entered by the Court, any Discovery Material designated as Confidential Information that is produced in this Litigation shall be protected from disclosure pursuant to the terms of this Order as if ordered by the Court. If any actions subject to this Order are transferred to another Court, the terms of this Order shall remain in full force and effect unless modified by written agreement of all parties or

order of the Court.

18. **Modification of Order**

This Order is binding on all parties to this Litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court. Nothing in this Order shall prevent a Producing Party from seeking further, greater or lesser protection with respect to the use of any Confidential Information, or seeking to prevent Confidential Information from being provided to persons described in paragraph 5 of this Order.

19. **Applicability to Future Actions**

The terms of this Order shall be binding upon all current and future parties to this Litigation and their counsel. Within ten (10) days of (i) entry of appearance by a new party to the Litigation, or (ii) notification of the filing in this District of a complaint that arises out of the same facts alleged in plaintiffs' Complaint, plaintiff's counsel shall serve a copy of this Order on such new party's counsel.

## 20. **Notices**

Any notices required hereunder shall be deemed given: (a) when mailed or given to an overnight delivery service, if sent by U.S. mail or by such service; (b) upon transmission, if sent by fax or electronic transmission; or (c) upon personal delivery, if sent by messenger or other means of personal delivery.

_____
David N. Mair, Esq.
*Attorney for Plaintiff*

_____
Stuart F. Klein, Esq.
*Attorney for Defendants*

Dated: April 16, 2013

IT IS SO ORDERED:

_____
United States District Court Judge

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review.

## EXHIBIT A

I hereby certify (i) my understanding that Discovery Material containing Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Limited Protective Order Governing the Production and Exchange of Confidential Information ("Order") entered in *Benjamin Ashmore v. CGI Group Inc. and CGI Federal Inc.*, United States District Court, Southern District of New York, Civil Action No. 11-cv-8611 (JMF), and (ii) that I have received and read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court and applicable damages.

Dated:_____     Signature:_____

                                            Name:_____

                                            Address:_____