UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN ASHMORE,

            Plaintiff,

-v-

CGI GROUP, INC., and CGI FEDERAL INC.

            Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/13

11 Civ. 8611 (AT)

**MEMORANDUM AND ORDER**

ANALISA TORRES, District Judge:

In this action for breach of an employment contract and wrongful termination in violation of federal whistleblower protections, David N. Mair, Esq., counsel for Plaintiff, Benjamin Ashmore, moves for an order: (1) permitting Mair to withdraw as counsel and (2) granting him a charging lien. Having reviewed Mair's and Ashmore's submissions filed under seal, for the reasons stated below, Mair's motion is GRANTED.

## DISCUSSION

A.    <u>Withdrawal</u>

Civil Local Rule 1.4 states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

District courts must analyze two factors when considering a motion to withdraw: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245, *1 (S.D.N.Y. Feb. 17, 2011).

Although there is no definitive standard for what constitutes a "satisfactory reason" for allowing a withdrawal, district courts in the Second Circuit have repeatedly affirmed that the non-payment of legal fees is sufficient. *See, e.g., Melnick v. Press*, No. 06 Civ. 6686, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009) ("[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); *Freund v. Weinstein*, No. 08 Civ. 1469, 2009 WL 750242, at *1 (E.D.N.Y. March 19, 2009) (granting motion to withdraw where "clients have failed to communicate with attorneys . . . and have failed to pay legal fees"); *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950, 2005 WL 1963945, at *1 (S.D.N.Y.

Aug. 15, 2005) ("'Satisfactory reasons' include failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'" (quoting *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96 Civ. 2839, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997))).

Mair seeks to withdraw for three reasons: first, Ashmore has refused to pay legal expenses he agreed to pay; second, Ashmore has made misrepresentations in connection with his obligation to pay; and third, there has been a breakdown in the attorney-client relationship. Mair Decl. ¶ 1.

The documentary evidence establishes that Ashmore has repeatedly failed to pay Mair as promised, including presenting Mair with two checks – one for $2,000 and the other for $3,000 – that bounced. According to Mair, Ashmore still owes over $3,000 in expenses. Although Ashmore disputes the unpaid amount, he acknowledges his failure to pay by suggesting that Mair deduct any unpaid amounts from any recovery realized by Ashmore in the litigation. Although the passing of bad checks alone is sufficient grounds for withdrawal, see *Melnick*, 2009 WL 2824586, at *3, the parties' acrimonious papers and e-mail correspondence, rife with cross-allegations of untrustworthiness and dishonesty, establish the breakdown in the attorney-client relationship.

In addition to considering reasons for withdrawal, district courts also consider whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel. See *Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999) (citing *Brown v. National Survival Games, Inc.*, No. 91 Civ. 221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)). Allowing counsel to withdraw may be too disruptive or cause too much delay, especially when the case is on the verge of trial. *Vachula v. General Electric Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000) ("Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion."); *Malarkey v. Texaco, Inc.*, No. 81 Civ. 5224, 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw when case is "on the verge of trial readiness").

Here, there are no such concerns because the case is not close to trial. Instead, discovery in this case is still pending. Granting the motion to withdraw at this juncture will leave Ashmore sufficient time to locate new counsel well before the close of discovery and trial. Moreover, Defendants have not opposed the motion to withdraw and Ashmore has not demonstrated the likelihood of prejudice should the Court grant the motion.

B.  Charging Lien

Mair requests that the Court grant him a charging lien "for our attorneys fees and expenses" against any recovery Ashmore may subsequently obtain on his claims. Mair Decl. ¶ 17. Where an attorney withdraws for cause but is still owed compensation for legal services rendered, a charging lien may be attached to the proceeds of that litigation. See N.Y. Jud. Law § 475; *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 177 (2d Cir. 2001); *Raghavendra v. Trustees of Columbia University*, 686 F. Supp. 2d 332, 337 (S.D.N.Y. 2010). Although generally a remedy available in New York State courts, charging liens are enforceable by federal

courts sitting in New York. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 147–50 (2d Cir. 1998); *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010).

A charging lien is justified where an attorney has withdrawn for "good cause." *Melnick*, 2009 WL 2824586, at *2; *see also Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950, 2005 WL 1963945, at *3 (S.D.N.Y. Aug. 15, 2005). Such cause exists where an attorney withdraws due to his client's non-payment of fees. *See, e.g., Stair*, 722 F. Supp. 2d at 268 (finding withdrawal based on client's refusal to pay attorneys' fees provided good cause to impose charging lien). Because Mair's withdrawal is predicated on Ashmore's admitted failure to pay legal expenses, a charging lien on the proceeds of his claims is justified.

Having determined that a charging lien is justified, the Court must affix an appropriate sum. Although Mair broadly seeks a lien for "fees and expenses," he does not request a specific amount. The bulk of his motion and supporting documents focus on $3,258.31 in unpaid out-of-pocket expenses. Mair also asserts that he is owed $3,384 in legal fees in connection with his separate representation of Ashmore in an unrelated employment matter. Because, as Mair admits, that matter is unrelated, Mair cannot collect those fees in this action. Although there may be other fees at issue, the Court will only impose a lien based on the invoiced costs detailed in Mair's papers. Accordingly, a charging lien shall be entered in favor of Mair in the amount of **$3,258.31**.

## CONCLUSION

Because Mair has established satisfactory reasons to be relieved pursuant to Civil Local Rule 1.4, and because his withdrawal will not unnecessarily delay the proceedings, the motion to withdraw is granted. Mair is also granted a charging lien of $3,258.31. If Ashmore chooses to hire another attorney, his new counsel must file a notice of appearance on ECF by December 21, 2013.

Mair is directed to serve a copy of this order on Ashmore. This order resolves ECF No. 58.

SO ORDERED.

Dated: October 30, 2013
      New York, New York

                                            ANALISA TORRES
                                      United States District Judge