UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2016
```

BENJAMIN ASHMORE,

          Plaintiff,

-against-

CGI GROUP INC. and CGI FEDERAL INC,

          Defendants.

11 Civ. 8611 (AT)

**MEMORANDUM AND ORDER**

ANALISA TORRES, District Judge:

    In this whistleblower action, Plaintiff, Benjamin Ashmore, alleges that Defendants, CGI Group Inc. and CGI Federal Inc., violated the anti-retaliation provisions of Section 806 of the Sarbanes-Oxley Act of 2002, codified as amended at 18 U.S.C. § 1514A. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff lacks standing to pursue the claims because they became property of the bankruptcy estate after Plaintiff filed a Chapter 7 petition in April 2013. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

    I.    Plaintiff's Bankruptcy Petition

    Plaintiff filed this whistleblower action on November 28, 2011, alleging that Defendants violated Sarbanes-Oxley's anti-retaliation provisions when Defendants fired Plaintiff after he made various complaints regarding Defendants' alleged scheme to evade affordable housing laws.[1] ECF No. 1. On April 8, 2013, while this action was pending, Plaintiff filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of New Jersey, Ex. 1,[2] and Barbara A. Edwards was appointed trustee for the bankruptcy estate (the

---

[1] For the purposes of this memorandum and order, the Court assumes familiarity with the underlying Sarbanes-Oxley claims. *See Ashmore v. CGI Group Inc.*, No. 11 Civ. 8611, 2015 WL 5813371 (S.D.N.Y. Sept. 23, 2015).

[2] Unless otherwise indicated, all cited exhibits refer to those attached to the Declaration of Zachary Fasman dated

"Trustee"), Ex. 3 at 1. In support of his bankruptcy petition, Plaintiff submitted various documents required by the Bankruptcy Code, *see* 11 U.S.C. § 521(a)(1), including schedules of assets and liabilities (the "Schedules") and a statement of financial affairs (the "SOFA"). Ex. 1. Plaintiff did not list this action on any of the Schedules, including Schedule B, which directs the debtor to list "all personal property of the debtor of whatever kind" and to disclose "contingent and unliquidated claims of every nature" and "[o]ther personal property of any kind not already listed." Ex. 1 at 10-12. Instead, Plaintiff listed this action in response to Question 4 of the SOFA, which directs the debtor to list "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." Ex. 1 at 38. In the SOFA, Plaintiff describes the action as an "[e]mployment" proceeding pending in the Southern District of New York and includes the case caption and docket number. *Id.*

On June 19, 2013, Plaintiff moved to dismiss his bankruptcy case, stating that although he had insufficient assets to pay his creditors at the time he filed his petition, "[u]pon information and belief, and due to intervening matters, I will be now able to meet my obligations and thus ask for the petition to be dismissed." Ex. 10. Plaintiff added that "[his] filing was a mistake." *Id.* In response to an inquiry from the Trustee, Plaintiff wrote in a letter dated June 21, 2013 that this action was "near the end of an enlarged discovery period," and that Plaintiff was "hopeful that a favorable conclusion is near" and believed he would now "have the ability to satisfy [his] creditors in full." Ex. 4 at 4. Thereafter, the Trustee opposed Plaintiff's motion to dismiss the bankruptcy case, stating in a letter to the bankruptcy court dated July 17, 2013 that "it is now apparent" that Plaintiff had filed a "substantial whistleblower lawsuit" that "does not appear as a

---

November 23, 2015. ECF No. 190.

2

potential asset on the petition." Ex. 4 at 1-2. According to the Trustee, "the best course of action would be for the Trustee to retain counsel representing the debtor in the whistleblower action, with any settlement of judgment to be administered through [the bankruptcy court]." *Id.* at 2. On July 23, 2013, the bankruptcy court denied Plaintiff's motion to dismiss his bankruptcy case. Ex. 11 at 7.

Later that year, following discussions between Plaintiff and the Trustee, the Trustee wrote in a letter to Plaintiff dated September 16, 2013 that she was "willing to close the bankruptcy case and not administer the asset at this time" in order "to allow [Plaintiff] and [his] present counsel to continue with the litigation without any delay or jeopardy." Ex. 12. The Trustee stated that she would only do so if: (1) Plaintiff agreed to the reopening of the bankruptcy case "should the [T]rustee determine that the collection on the litigation is sufficient to provide a distribution to unsecured creditors"; and (2) would "not . . . assert that the litigation has been abandoned by the [T]rustee pursuant to § 554(c) of the Bankruptcy Code." *Id.* Plaintiff indicated his agreement to the Trustee's terms by returning a signed copy of the letter. *Id.*

On September 17, 2013, the Trustee filed a Report of No Distribution with the bankruptcy court, Ex. 2 at 4, and the bankruptcy court issued an order granting Plaintiff a bankruptcy discharge on November 18, 2013, Ex. 13. On November 22, 2013, the bankruptcy court closed the action and issued a final decree stating that Plaintiff's estate had been fully administered. Ex. 15.

II.   The Reopening of Plaintiff's Bankruptcy Case

On September 22, 2015, the Trustee moved to reopen Plaintiff's bankruptcy proceedings. Ex. 24. In an affidavit accompanying her motion, the Trustee stated that she had been informed by Defendants that extensive settlement discussions had taken place in this action and that a

summary judgment motion was pending before the Court. Ex. 24 at 4. The Trustee, therefore, sought "an [o]rder reopening the . . . bankruptcy case to allow for the administration of this potential asset." *Id.* On September 23, 2015, the Court issued its ruling on Defendants' motion for summary judgment, dismissing Plaintiff's breach of contract claim but allowing his Sarbanes-Oxley claim to proceed to trial. ECF No. 148. On September 28, 2015, Defendants filed a letter advising the Court of the Trustee's motion to reopen, and the Court stayed all proceedings and deadlines. ECF Nos. 151, 165.

On October 27, 2015, the Trustee withdrew her motion, Ex. 26, and the Court lifted the stay and set a trial date, ECF No. 171. In a letter to the Court dated October 30, 2015, the Trustee explained that she had withdrawn her motion because it "had seemed to create confusion as to who was in a position to prosecute" this action; that it was "[the Trustee's] intent at all times that [Plaintiff] would prosecute [this action] against his former employer as the plaintiff and that his bankruptcy estate would retain an interest in the proceeds of any recovery"; and that this action should proceed to trial. Ex. 5 at 2-3.

Defendants then filed their motion to dismiss on November 23, 2015, ECF No. 188, and Plaintiff filed opposition papers on December 7, 2015, ECF No. 194. On December 16, 2015, the Trustee filed a second motion to reopen Plaintiff's bankruptcy proceedings. ECF No. 197-1. The Trustee noted that Plaintiff had argued in his opposition papers that the Trustee had "abandoned any interest" in this litigation "contrary to [her] September 6, 2013 letter agreement with [Plaintiff]," and that she was renewing her motion to reopen bankruptcy proceedings out of a concern "that if the whistleblower suit is dismissed due to a lack of standing a valuable asset will be lost for both the [Plaintiff] and his creditors." No. 197-1 at 5-6. The Court then stayed this action. ECF No. 200. On March 15, 2016, the bankruptcy court granted the Trustee's

4

motion to reopen, ECF No. 218-1, and Ms. Edwards was reappointed Trustee in the reopened bankruptcy case on March 24, 2016, ECF No. 221 at 2. To date, the Trustee has not moved to be substituted into this action as the plaintiff.

## DISCUSSION

I. Rule 12(b)(1) Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Id.* On such a motion, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, "[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Id.* (alteration in original).

II. The Bankruptcy Scheme

When an individual files for Chapter 7 bankruptcy, a bankruptcy estate is created comprising "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), including "any causes of action possessed by the debtor," *Seward v. Devine*, 888 F.2d 957, 963 (2d Cir. 1989). When a cause of action becomes property of the bankruptcy estate, the trustee appointed to administer the estate becomes the sole party with standing to bring suit, unless the cause of action is abandoned by the trustee pursuant to 11 U.S.C. § 554. *See, e.g., In re Merrill Lynch & Co., Inc., Research Reports Sec. Litig.*, 375 B.R.

5

719, 725 (S.D.N.Y. 2007); *Barletta v. Tedeschi*, 121 B.R. 669, 671-72 (N.D.N.Y. 1990). If abandoned, the cause of action reverts to the debtor, who regains standing to bring suit. *Barletta*, 121 B.R. at 672.

Abandonment under Section 554 occurs as a matter of law if property is scheduled pursuant to 11 U.S.C. § 521(a)(1) and has not been administered by the trustee by the close of the bankruptcy case. *See* 11 U.S.C. § 554(c); *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008). However, if property has not been properly scheduled and is not otherwise been abandoned under Section 554,[3] the property remains that of the bankruptcy estate, even after the bankruptcy case has been closed. *See* 11 U.S.C. § 554(d); *Chartschlaa*, 538 F.3d at 122 ("While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed.").

III. Application

Plaintiff does not dispute that his claims in this action became property of the bankruptcy estate when he filed for Chapter 7 protection in April 2013. Plaintiff contends, however, that he regained standing in this action when his bankruptcy case closed in November 2013 because the Trustee abandoned the claims to him pursuant to Section 554(c). *See* 11 U.S.C. § 554(c) ("[A]ny property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor . . . ."). Specifically, Plaintiff argues that abandonment occurred because: (1) he properly scheduled this action in his bankruptcy petition

---

[3] Section 554(a) provides that after "notice and hearing," the trustee may abandon "any property of the estate burdensome to the estate or that is of inconsequential value and benefit to the estate." Section 554(b) provides that the court may order the trustee to abandon such property "on request of a party in interest" and after "notice and hearing." The record is clear that Plaintiff's claims were not abandoned under either of these provisions.

by including it in the SOFA; and (2) the Trustee failed to administer the asset by the close of the bankruptcy case in November 2013.

The record is clear that the Trustee had not administered Plaintiff's claims in this action as of the close of the bankruptcy case in November 2013. *See* Exs. 2, 12, 15. Therefore, whether this action was abandoned to Plaintiff hinges on whether listing a claim on the SOFA accompanying a bankruptcy petition satisfies Section 554(c)'s requirement that property be "scheduled under section 521(a)(1)." 11 U.S.C. § 554(c). It does not. In the Second Circuit, for property to be "scheduled" within the meaning of Section 554(c), it must be listed on the Schedules to the bankruptcy petition; listing property in the SOFA is not sufficient. In *Ayazi v. New York City Board of Education*, the district court held that a *pro se* plaintiff lacked standing where she had listed an employment discrimination suit in the SOFA accompanying her bankruptcy petition, but not the Schedules to the petition. No. 98 Civ. 7461, 2006 WL 1995134, at *1, 8 (E.D.N.Y. July 14, 2006). Surveying the relevant statutory language and case law, the court noted that the passage of Section 554 was intended to avoid "complex and difficult factual questions on proof of intent," and that the weight of case law held that "any claims not properly scheduled, even if the trustee has knowledge of the claims, are not abandoned by operation of law in accordance with Section 554(c)." *Id.* at *7. Adopting this line of precedent, the court concluded that the plaintiff had failed to properly schedule her claim and dismissed her claim for lack of standing. *Id.* at *8. On appeal, the Second Circuit stated in a summary order that it found "no error in the district court's careful and thorough explication of the law governing abandonment of property of a bankruptcy estate" and that "abandonment as a matter of law occurs only when defined procedural preconditions are met, and here they were not." *Ayazi v. New York City Bd. of Educ.*, 315 F. App'x 313, 314 (2d Cir. 2009) (vacating the district court's

7

judgment on other grounds).[4]

As in *Ayazi*, Plaintiff listed his claim in the SOFA rather than in the Schedules to his bankruptcy petition. The claim was, therefore, not properly "scheduled," and the Trustee did not abandon the claim to Plaintiff pursuant to Section 554(c) when the bankruptcy case was closed without the claim having been administered. As such, Plaintiff lacks standing to pursue his claims in this action because they remain the property of the bankruptcy estate. Plaintiff's argument that he adequately disclosed this action to the Trustee prior to the close of the bankruptcy case does not bear on whether those claims were abandoned to Plaintiff pursuant to Section 554(c). Under *Ayazi*, the dispositive question is whether the claim was properly "scheduled," and here it was not.[5]

Accordingly, Defendants' motion to dismiss is GRANTED.[6] However, the Court recognizes that outright dismissal of the action would not protect the creditors of the bankruptcy estate, "but rather provide[] an undeserved windfall" to Defendants "by eliminating any possibility that . . . the bankruptcy estate can pursue whatever value the claim has." *Ayazi*, 315

---

[4] Plaintiff urges this Court to apply Third Circuit precedent—specifically *In re Kane*, 628 F.3d 631 (3d Cir. 2010)—in deciding this motion because Plaintiff filed his bankruptcy petition in the U.S. Bankruptcy Court for the District of New Jersey. However, whether Plaintiff has standing to pursue his claims in this Court is controlled by Second Circuit precedent.

[5] That the Trustee entered into the September 16, 2013 letter agreement with Plaintiff does not change this outcome. A letter agreement undisclosed to the bankruptcy court at the time of execution plainly does not satisfy the requirements of Section 554. Nor does the letter agreement evince the Trustee's intent to abandon this action, as Plaintiff argues. Rather, the Trustee asked Plaintiff to sign and date a statement in the letter agreement that he would "not . . . assert that the litigation has been abandoned by the [T]rustee pursuant to § 554(c) of the Bankruptcy Code" and that Plaintiff would agree to the reopening of the bankruptcy case "should the [T]rustee determine that the collection on the litigation is sufficient to provide a distribution to unsecured creditors." Ex. 12.

[6] Having considered Defendants' arguments that the Court should apply the doctrine of judicial estoppel to dismiss the case with prejudice, the Court declines to exercise its discretion to do so. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). The Court also rejects Plaintiff's suggestion that the doctrine of laches and estoppel bar the Court from considering Plaintiff's standing in this action. *See Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.").

F. App'x at 315. Therefore, rather than closing the case, the Court will stay the action to afford the Trustee the opportunity to move to be substituted as plaintiff in this action.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED. The Trustee shall file any motion to be substituted as plaintiff in this action by **July 8, 2016**. Defendants are directed to serve a copy of this memorandum and order on the Trustee via e-mail and first-class mail.

The Clerk of Court is directed to terminate the motion at ECF No. 188.

SO ORDERED.

Dated: May 9, 2016
      New York, New York

_____
ANALISA TORRES
United States District Judge