USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BENJAMIN ASHMORE,

                      Plaintiff,

       -v.-

CGI GROUP, INC. and CGI
FEDERAL INC.,

                      Defendants.
------------------------------------------------------------x

**ORDER**

11-CV-8611 (AT) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

While discovery has closed in this eight-year-old case, and trial is scheduled for next spring, two sets of discovery disputes remain pending, with each side seeking to compel certain discovery from the other. The Court reopened discovery last summer for limited purposes. It did not envision there would be full-blown discovery disputes of the magnitude presented since that time, including those now pending. The parties have pre-trial submissions to make early next year and another discovery conference would not shed enough additional light to warrant a further delay in resolving these disputes. It is well-settled that "[a] district court has wide latitude to determine the scope of discovery." *In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008); *see also SEC v. Rajaratnam,* 622 F.3d 159, 180–81 (2d Cir. 2010). Accordingly, the Court has carefully reviewed the outstanding discovery disputes with an eye toward determining what additional production, if any, is truly material to advancing the claims and defenses in this

1

case at this juncture and is also proportional to the needs of the case. In this spirit, it makes the following rulings:

**Plaintiff's Motion to Compel**

1. <u>Request Nos. 1-9</u>: Denied. These requests go beyond the scope of the limited discovery the Court contemplated when it reopened discovery, they are not proportional, and they call for a production of materials and information that is unduly burdensome. Additionally, this discovery, related to the so-called 49/51 theory, is, as the Court has previously noted, "ancillary" to the main claims here. At this late date, the Court is not going to order additional discovery on this subject.
2. <u>Request Nos. 10-13</u>: With the understanding that defendants will produce Director-level employee compensation information for employees in Ms. Carragher's sector from 2009 through 2018, as they have represented, the requests are otherwise denied. The Court previously (in 2014) denied similar requests, and does not believe the record as further developed warrants additional production given that the information sought does not pertain to relevant comparators.
3. <u>Request No. 14</u>: Denied.

**Defendants' Motion to Compel**

1. <u>Request Nos. 1-3</u>: As previously directed, plaintiff is to produce all documents concerning his efforts to find subsequent employment as they are relevant to mitigation of damages. According to plaintiff, he has already produced more than 300 pages of documents, an additional 13 pages in October, and has agreed to turn over any additional documentation. Unless defendants can identify with specificity any documents that plaintiff is withholding, it appears plaintiff has complied with the Court's directive.
2. <u>Request No. 4</u>: Denied.
3. <u>Request No. 6</u>: Denied.
4. <u>Request No. 7</u>: Denied.
5. <u>Request No. 8</u>: Because plaintiff's damages expert made certain projections based on plaintiff's GPA, the Court directs plaintiff to produce his law school transcript (as of January 2020) as it is relevant to his mitigation efforts.
6. <u>Request Nos. 9, 10, and 14</u>: To the extent he has not done so, plaintiff is directed to provide complete and unredacted versions of those sections of his federal tax returns for 2014 through 2018 that pertain to his income, and all documents concerning his wages or income (such as W-2s and/or 1099s) for calendar year 2019 as soon as they become available (presumably plaintiff's 2019 federal tax return will not be available until

at or around the trial itself, but if is available before the trial it should be produced). All other requests are denied.
7. <u>Request Nos. 12 and 13</u>: Denied.
8. <u>Request No. 11</u>: Denied.

All production must be completed **no later than January 6, 2020** (except for plaintiff's documents related to his 2019 wages and income, which must be produced **by February 14, 2020** unless there is good cause shown why it should be further delayed).

Finally, the parties are directed to file their letters related to defendants' motion to compel on the docket, with whatever necessary redactions are deemed appropriate in light of the protective order in this case. The Court will thereafter determine whether the information should remain redacted.

    **SO ORDERED.**

Dated: December 20, 2019
    New York, New York

_____
JAMES L. COTT
United States Magistrate Judge