USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
BENJAMIN ASHMORE,

                    Plaintiff,

       -v.-

CGI GROUP, INC. and CGI
FEDERAL INC.,

                    Defendants.
---------------------------------------------------------------x

**ORDER**

11-CV-8611 (AT) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

By letter-motion emailed to the Court on January 27, 2020, plaintiff seeks to compel defendants to produce the total annual compensation (as well as hourly rate and incentive compensation information) of an individual named Joyce Clause, who plaintiff alleges is a relevant comparator, and who defendants contend is an independent contractor not similarly situated to plaintiff.[1] Defendants filed their opposition to the letter-motion on January 29, 2020 (Dkt. No. 396).

The motion to compel is denied. First, it is untimely. Plaintiff had several opportunities to seek this information, including in his discovery requests propounded this fall when discovery was reopened, and in prior motions to compel, and he failed to do so. Moreover, even after defendants refused to produce this information on January 13, 2020, plaintiff waited two weeks to seek relief from the

---

[1] Plaintiff apparently emailed the letter-motion to the Court rather than filing it on the docket because an exhibit attached thereto has a confidential designation. Plaintiff is hereby directed to file the letter-motion on the docket forthwith to complete the record, and redact Exhibit 2, which may remain redacted until further order of the Court.

1

Court while extensive pre-trial filings were being made.

Second, the information provided by the parties establishes that Ms. Clause was an independent contractor, not an employee. As such, she was not similarly situated to plaintiff. In its December 20 Order (Dkt. No. 355), the Court directed the production of certain information related to <u>employees</u>, not individuals who were independent contractors. Indeed, the Court's denial at that time of plaintiff's request number 13 (which sought, *inter alia*, compensation for independent contractors) should have resolved the matter now before the Court.

Finally, the request is not proportional to the needs of the case, especially at this late date. By their account, defendants have already produced compensation information for manager and director-level employees in Ms. Carragher's sector from 2009-18, including for "40 employees in 2009 and varying numbers of employees for other years." Defendants' Jan. 29 Ltr. at 4. Plaintiff has failed to establish the significance of the information related to Ms. Clause, especially given the other information that has already been produced.

**SO ORDERED.**

Dated: February 5, 2020
     New York, New York

_____
JAMES L. COTT
United States Magistrate Judge