USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/7/2020_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
BENJAMIN ASHMORE,

                Plaintiff,

-against-

CGI, INC. and CGI FEDERAL INC.,

                Defendants.

11 Civ. 8611 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       On January 17, 2020, Plaintiff filed a motion *in limine* seeking, among other things, to preclude the introduction at trial of his law school transcript. ECF No. 387. On January 31, 2020, Defendants submitted by email a letter requesting to file their opposition that motion *in limine* with redactions, and with the transcript attached as an exhibit under seal. (On February 3, 2020, Defendants filed that letter on the docket. ECF No. 406.) Defendants do not believe that sealing is justified, but seek to file the motion with the poritions discussing the transcript redacted, and the transcript itself under seal, while the Court assesses whether Plaintiff properly designated the transcript as "attorneys' eyes only" when producing it in discovery. *Id.* On February 6, 2020, Plaintiff filed a response to Defendants' letter. ECF No. 409. Plaintiff argues that the transcript should be filed under seal, because it is a sensitive personal record akin to a medical record. *Id.* at 1.

       When protected discovery materials are used in court filings, the common law right of the public "to inspect and copy . . . judicial records and documents" is implicated, giving rise to a presumption of access. *Nixon v. Warner Commc'ns Inc.,* 435 U.S. 589, 597 (1978). This presumptive right of access attaches to "judicial documents," which are those "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation marks and citation omitted). If the right of access applies, the court must determine the weight to be accorded to the right and then balance the right against countervailing factors, including "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks and citation omitted). The common law right of access is complemented by a "qualified First Amendment right to attend judicial proceedings and . . . access certain judicial documents." *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 91 (2d Cir. 2004). In situations when a qualified First Amendment right applies, access may be withheld only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch,* 435 F.3d at 120 (internal quotation marks and citation omitted). "Materials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser—but still substantial—presumption of public access" as compared with materials introduced at trial or in support of a dispositive motion. *Brown v. Maxwell,* 929 F.3d 41, 53 (2d Cir. 2019). The Court must find "specific and substantial reasons for sealing such material" before allowing it to be filed under seal. *Id.* at 50.

       The Court concludes that substantial reasons exist for maintaining the contents of Plaintiff's law school transcript under seal. Law school transcripts are generally not accessible to the public, and their contents can be the subject of significant sensitivity for students. In this

particular case, Plaintiff represents that portions of the transcript might cause him embarrassment, and might not accurately reflect further developments in his coursework. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Raw, unverified information should not be as readily disclosed as matters that are verified."). The Court need not decide whether Plaintiff's representations about the status of his grades are true; for purposes of this order, it is sufficient that there is a possibility that Plaintiff will be unfairly embarrassed by the release of his transcript. This case, therefore, differs meaningfully from *United States v. Martoma*, No. 12 Cr. 973, 2014 WL 164181, at *5–7 (S.D.N.Y. Jan. 9, 2014), in which another court in this district held that a criminal defendant's law school transcript should be unsealed on a motion *in limine* concerning its admissibility. *Martoma* was a criminal case, and the need for public scrutiny of judicial decisions even on motions *in limine* is higher in that context. *See id.* at *5. Moreover, the defendant in *Martoma* had falsified portions of his transcript, and the transcript's potential introduction was intended to show that fact. *See id.* at *6. In this case, the possibility of unfair embarrassment to Plaintiff arises out of much more mundane, and much less public, circumstances. As a result, the intrusion into his privacy that would result from filing the transcript on the docket is not warranted while the Court considers his motion *in limine*.

The Court notes, however, that the situation will be quite different if the Court denies Plaintiff's motion *in limine*, and the transcript is introduced at trial. "[E]vidence introduced at trial . . . enjoys a strong presumption of public access." *Brown*, 929 F.3d at 49. If the contents of Plaintiff's transcript are relevant to deciding his claims or damages in this action, then the public interest in access to them would be at its zenith. Plaintiff's contentions would not overcome that strong presumption of access at trial.

Accordingly, it is ORDERED that by **February 12, 2020**, Defendants shall file their brief in opposition to Plaintiff's motion *in limine* on the docket in redacted form, and file the unredacted version and law school transcript under seal.

SO ORDERED.

Dated: February 7, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge